IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

MICHAEL JERMAINE GREENE,

    Plaintiff,

v.  Case No. 2:20-cv-00496

GOVERNOR JIM JUSTICE,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDATION**

This civil action is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for initial screening under 28 U.S.C. § 1915A[1] and submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### I.  BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff, a West Virginia state prisoner currently serving a term of parole, is a frequent litigator who has filed numerous civil actions in this court and in the United States District Court for the Northern District of West Virginia arising out of his conditions of confinement at various state correctional facilities, as well as several habeas corpus petitions concerning his state court conviction, which have, to date, been

---

[1] Although Plaintiff initially applied to proceed *in forma pauperis*, he subsequently paid the full $402 filing fee.  Thus, his complaint is not subject to the similar screening under 28 U.S.C. § 1915(e)(2)(B).

unsuccessful.  Plaintiff filed the instant civil action under 42 U.S.C. § 1983[2] against West Virginia Governor Jim Justice (hereinafter "Defendant"), attempting to hold him liable for a wide array of conduct by other state, and even federal, employees – conduct which is largely the subject of his various other pending and dismissed civil actions.

On February 7, 2022, Plaintiff filed an amended complaint (ECF No. 29), which is now the operative pleading herein.[3]  The amended complaint alleges that Defendant is discriminating and retaliating against Plaintiff "through his employees" by allowing West Virginia Division of Corrections and Rehabilitation ("WVDCR") personnel to mistreat him, while ignoring and failing to investigate his complaints, and refusing to help him. Plaintiff further speculates that Defendant has used both the state and federal courts against him to ignore his claims, deny him relief, and keep him in custody.  He contends that Defendant, again "through his employees," would not allow Plaintiff to leave prison without dismissing his lawsuits and is "[t]rying to stop him through WVDCR officials and court system upon his control of West Virginia as Governor." (*Id.* at 9).  He further states that Defendant's "intentional actions allowing his WVDOCR employees/officials to ignore me, my needs, and cause me wrongful problems mentally and physically caused me highly mental and/or emotional damages." (*Id.* at 17).

In blanket fashion, Plaintiff asserts claims of "discrimination, negligence, intentional tort, assault, false imprisonment, and intentional infliction of emotional

---

[2] The complaint and amended complaint also cite to "Title VII of the Civil Rights Act."  However, Title VII (42 U.S.C. § 2000e *et seq.*) applies to claims of employment discrimination.  Since Plaintiff was and is not an employee of Defendant, Title VII is inapplicable herein.

[3] Plaintiff filed his initial complaint on July 22, 2020.  (ECF No. 2).  Prior to service or process or any responsive pleading by Defendant, Plaintiff filed his amended complaint.  Pursuant to Rule 15(a), a party may amend his pleading once as a matter of course under such circumstances.  *See* Fed. R. Civ. P. 15(a).

distress," without providing any specific factual support concerning conduct by Defendant himself with respect to each of those claims. (*Id.* at 10). As relief, Plaintiff seeks various forms of declaratory and injunctive relief, including investigation of his claims, movement to another correctional facility, reversal of his criminal conviction and release from prison, and monetary damages. (*Id.* at 17-18).

## II.  STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  Pro se complaints, such as this, are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.  However, liberal construction does not mean that the court can ignore a clear failure to allege facts setting forth a cognizable claim for relief. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

A frivolous case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A frivolous claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

When reviewing a complaint under this statute for failure to state a claim, this Court applies the same standards that it applies to review a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)). In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court

observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555; *see also Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of

4

truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id*. Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id*. "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

## III. DISCUSSION

### A. Plaintiff's claims for declaratory and injunctive relief are moot.

The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

As noted in *Taylor*, well-established Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." 2011 WL 6024499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182,

5

186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.") In light of Plaintiff's release on parole, his claims for declaratory and injunctive relief seeking his release from custody or transfer to another correctional facility are moot. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that any claims for declaratory and injunctive relief made by Plaintiff herein must be denied and dismissed as moot.

### B. Plaintiff's claims concerning his alleged wrongful conviction are not cognizable under § 1983.

To the extent that Plaintiff is seeking relief arising out of his alleged wrongful conviction in a West Virginia state court, such claims are not cognizable under § 1983. Rather, Plaintiff may only seek reversal of his conviction through habeas corpus. *Todd v. Baskerville*, 712 F.2d 70, 71 (4th Cir. 1983) (Habeas corpus is the appropriate and exclusive remedy for a state prisoner to attack the validity or duration of confinement); *see also Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Muhammad v. Close*, 540 U.S. 749, 750 (2004). While Plaintiff previously filed several habeas corpus petitions in state court and in this federal court, he was denied such relief. Therefore, he cannot pursue such relief herein under § 1983.

### C. The amended complaint fails to state a plausible federal claim.

The amended complaint suggests, in passing, that Plaintiff is attempting to sue Defendant in both his official and individual capacities. (ECF No. 29 at 18). While inartfully pled, a liberal construction of his amended complaint further suggests that Plaintiff is asserting discrimination and retaliation claims (presumably based on his race

6

and religion)[4] governed by the First and Fourteenth Amendments and claims of cruel and unusual punishment under the Eighth Amendment, based upon various conditions of confinement and the failure to release him from prison. Such claims are governed by 42 U.S.C. § 1983, which provides, in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. While not in itself a source of substantive rights, section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To successfully establish a section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) (Emphasis added).

However, it appears that Plaintiff has simply named Defendant in his official capacity as Governor of the State of West Virginia and seeks to hold him liable for alleged constitutional violations by other state employees under a theory of *respondeat superior*, which is impermissible under section 1983. *Iqbal*, 556 U.S. at 675-76; *see also Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Wilcox v. Brown*, 877 F.3d 161, 170 (4th

---

[4] Plaintiff makes several references in the amended complaint that he is an African American and Sunni Muslim. However, the amended complaint contains no specific facts demonstrating Defendant's awareness of these facts or specific conduct by Defendant that could plausibly be construed to be discriminatory or retaliatory to Plaintiff based upon those factors.

Cir. 2017) (government officials may not be held vicariously liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior* and must allege that each defendant's own individual actions violated the Constitution); *Hambright v. Alabama Bd. of Pardons &Paroles*, No. 2:18-cv-358-WHA, 2018 WL 2275263, at *1 (M.D. Ala. Apr. 25, 2018), *report and recommendation adopted*, 2018 WL 2275241 (M.D. Ala. May 17, 2018) (dismissing prisoner's § 1983 claims brought against state governor under *respondeat superior* theory); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (holding that 42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superio*r or vicarious liability). Absent any specific allegation that Defendant knew of, sanctioned, participated in, or was otherwise "affirmatively linked" to the complained of conduct involving Plaintiff, the claims against him are insufficient to state a cause of action under 42 U.S.C. § 1983.

Here, at best, Plaintiff has pled in a conclusory manner that Defendant ignored his letters of complaint and failed to investigate or assist him. Plaintiff has failed to establish specific conduct by Defendant that would rise to the level of a violation of his constitutional rights. Moreover, there is no constitutional requirement for prison officials "to investigate in a manner satisfactory to the plaintiff." *See Cruz v. McKenzie*, No. 21-cv-01276-RM-NRN, 2022 WL 3234763, at *4 (D. Colo. July 12, 2022), *report and recommendation adopted sub nom. Cruz v. Marquez*, No. 21-cv-01276-RM-NRN, 2022 WL 3227620 (D. Colo. Aug. 10, 2022) (other citations omitted); *see also Clary v. Lewis*, No. 5:12-CT-3204-D, 2015 WL 10910481, at *8 (E.D.N.C. Mar. 20, 2015) (standing alone, after-the-fact knowledge of and failure to investigate alleged assault amounted, at most,

to violation of prison policy, not constitutional violation).

Furthermore, to the extent that Defendant is named in his official capacity, he is not a "person" who can be sued under section 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (a State, including its agencies and its officials acting in their official capacities are not "persons" under § 1983). Likewise, state officials are immune from suit in federal court under the Eleventh Amendment to the United States Constitution, which provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const., Amend. XI.[5]

Regardless of the relief sought, the Eleventh Amendment bars suits by private citizens against a state, or its officials, in federal court, unless the state has specifically waived its right to immunity. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-99, 101 (1984). A state can only waive its sovereign immunity by unequivocal expressions or actions. *Id.* at 99; *see also Edelman v. Jordan*, 415 U.S. 651, 673 (1921). Similarly, Congress can abrogate a state's immunity only where it has unequivocally expressed its intent to do so, and only where it has validly exercised its power. *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996).

The amended complaint herein has not raised any claims under a statute in which Congress has clearly and unequivocally abrogated the State's Eleventh Amendment immunity, and Plaintiff fails to assert a meritorious argument that the State of West

---

[5] The Eleventh Amendment has also been held to bar suits against a state, or its officials, by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974).

Virginia has waived its sovereign immunity. Accordingly, Defendant, as a state official, is entitled to absolute immunity. Therefore, the undersigned proposes that the presiding District Judge **FIND** that the Complaint herein fails to state a plausible claim for relief against Defendant in either his official or individual capacity.

> **D. This court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.**

In addition to his alleged federal claims, Plaintiff's amended complaint summarily asserts what appear to be tort claims that arise under state law, including negligence, assault, false imprisonment, and intentional infliction of emotional distress. (ECF No. 29 at 10). While Plaintiff has failed to allege sufficient facts concerning conduct by Defendant to support each of those claims, such that they should be dismissed for failure to state a plausible claim for relief, because Plaintiff has failed to plausibly allege any claims under federal law that would give rise to this court's original jurisdiction, the court should decline to exercise its supplemental jurisdictional authority to consider these additional state law claims under 28 U.S.C. § 1367(c)(3).

## IV.    RECOMMENDATION

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that the Amended Complaint herein does not contain allegations that could plausibly give rise to a present entitlement to relief by Plaintiff against Defendant. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that the Complaint fails to state a federal claim upon which relief can be granted and should be dismissed pursuant to 28 U.S.C. § 1915A. The undersigned further proposes that the presiding District Judge **DECLINE** to exercise supplemental jurisdiction over

Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3). Therefore, for the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action from the docket of the court.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Plaintiff.

May 2, 2023

Dwane L. Tinsley
United States Magistrate Judge